UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Philip D. Smith, | Civil Action No.: 4:17-cv-00043-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| B.J. Meeks, *Warden of FCI Williamsburg*; and Charles E. Samuels, Jr., *Director of the Federal Bureau of Prisons, Washington, D.C.*, | |
| Defendants. | |

Plaintiff Philip D. Smith, a federal prisoner proceeding pro se, brings this action against the two above-captioned Defendants. Plaintiff has filed two motions for a preliminary injunction, and Defendants have filed a motion to dismiss, or alternatively, for summary judgment. *See* ECF Nos. 3, 26, & 30. The matter is now before the Court for a ruling on Plaintiff's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, who recommends denying Plaintiff's motions, granting Defendants' motion, and dismissing this case without prejudice for failure to exhaust administrative remedies.[1] *See* R & R [ECF No. 36].

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept,

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).

reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## **Discussion**[2]

Plaintiff brings this action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),[3] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671 *et seq. See* ECF No. 1. Plaintiff alleges the two Defendants—the former warden of his prison and the former director of the Federal Bureau of Prisons—have conspired with federal judicial officials and "falsely imprisoned [him] since August 12, 2010 . . . on a vacated judgment and commitment order imposed by [the] U.S. District Court for the Northern District of Georgia–Atlanta Division." *Id.* at 3. Plaintiff has attached to his complaint a copy of the Georgia district court's August 12, 2010 order,

---

[2]    The R & R thoroughly summarizes the factual and procedural background of this case, as well as the applicable legal standards.

[3]    In *Bivens*, the Supreme Court established a direct cause of action under the United States Constitution against federal officials for the violation of federal constitutional rights. 403 U.S. at 389. A *Bivens* claim is analogous to a claim under 42 U.S.C. § 1983, and case law involving § 1983 is applicable to *Bivens* actions. *See Farmer v. Brennan*, 511 U.S. 825, 839 (1994).

2

wherein that court apparently vacated Plaintiff's criminal judgment. *See* ECF No. 1-1. Plaintiff seeks monetary and equitable relief, including his release from "unlawful federal custody." ECF No. 3 at 2. Additionally, Plaintiff has filed two motions for a preliminary injunction. *See* ECF Nos. 3 & 30. Defendants have filed a motion to dismiss, or alternatively, for summary judgment. *See* ECF No. 26.

The Magistrate Judge recommends denying Plaintiffs' motions, granting Defendants' motion,[4] and dismissing this case without prejudice based upon Plaintiff's failure to exhaust administrative remedies. R & R at 9. Plaintiff has filed timely objections to the R & R. *See* Pl.'s Objs. [ECF No. 38]. Plaintiff's only specific objection is to Footnote One of the R & R, in which the Magistrate Judge discusses the procedural history of Plaintiff's criminal case in the Georgia district court and notes that court likely lacked jurisdiction to enter the August 12, 2010 order.[5] *See* Pl.'s Objs. at 1–2;[6] R & R at 3 n.1.

Initially, the Court notes Plaintiff has failed to specifically object to the Magistrate Judge's recommendation to dismiss this case because he has failed to exhaust his administrative remedies.

---

[4] The Magistrate Judge has addressed Defendants' motion as one to dismiss and declined to consider it as one for summary judgment. *See* R & R at 3 n.2.

[5] The Magistrate Judge further notes subsequent court proceedings in the Georgia district court and the Eleventh Circuit have not squarely addressed the effect of the district court's August 12, 2010 order vacating the criminal judgment. The Court has reviewed those courts' dockets, and that appears to be the case. *See United States v. Smith*, No. 1:09-cr-00079-SCJ (N.D. Ga.); *United States v. Smith*, No. 10-13368 (11th Cir.). In fact, after the district court entered the August 12, 2010 order, the Eleventh Circuit issued an opinion affirming Plaintiff's conviction and sentence on February 11, 2011. *See United States v. Smith*, No. 1:09-cr-00079-SCJ, at ECF No. 91 (N.D. Ga.).
 Additionally, the Court notes that in December 2016 (the month before Plaintiff filed the instant action), Plaintiff filed a "Motion for Emergency Release from Federal Prison" in the Georgia district court, which construed Plaintiff's motion under 28 U.S.C. § 2255 and denied it. *See United States v. Smith*, No. 1:09-cr-00079-SCJ, at ECF Nos. 134 & 135 (N.D. Ga.).

[6] Plaintiff also relies on *Williams v. Akers*, 837 F.3d 1075 (10th Cir. 2016), in which the Tenth Circuit dismissed a civil appeal for lack of jurisdiction because the appellants failed to designate the order being appealed from as required by Federal Rule of Appellate Procedure 3(c)(1)(B). Plaintiff provides a Bloomberg BNA news article summarizing the holding in *Williams*. *See* ECF No. 38-1. *Williams* is irrelevant to Plaintiff's case.

3

Accordingly, the Court need only review the record for clear error and need not give any explanation for accepting the Magistrate Judge's recommendations. *See Diamond*, 416 F.3d at 315; *Camby*, 718 F.2d at 199–200; *Orpiano*, 687 F.2d at 47.

Moreover, as Defendants correctly argue in their motion,[7] Plaintiff cannot maintain this action because his claims necessarily imply the invalidity of his confinement.[8] *See Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) (holding a civil rights action "is barred (absent prior invalidation)—***no matter the relief sought (damages or equitable relief)***, no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration" (emphasis added)); *Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("[H]abeas corpus is the ***exclusive*** remedy for a . . . prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."[9] (emphasis added)). Plaintiff's action "lie[s] 'within the core of habeas corpus'" and he "must seek federal habeas corpus relief," which is "'the specific instrument to obtain release from [unlawful] confinement." *Wilkinson*, 544 U.S. at 78–79 (second alteration in original) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 487–88 (1973)). The Court modifies the R & R to reflect this additional reason for dismissal.

## Conclusion

For the foregoing reasons, the Court overrules Plaintiff's objections and adopts the R & R [ECF

---

[7] *See* ECF No. 9–10.

[8] And, as noted in the R & R and Footnote 5 above, the Eleventh Circuit affirmed Plaintiff's sentence and conviction and the Georgia district court denied Plaintiff's recent motion asserting claims similar to those made in the instant case. Thus, his confinement has not been invalidated.

[9] *Heck* also applies to *Bivens* and FTCA actions. *See Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 196 n.8 (4th Cir. 2015); *Rice v. Nat'l Sec. Council*, 244 F. Supp. 2d 594, 601 (D.S.C. 2001).

4

No. 36], as modified above.  Accordingly, the Court **GRANTS** Defendants' motion to dismiss, or alternatively, for summary judgment [ECF No. 26] and **DENIES** Plaintiff's motions for a preliminary injunction [ECF Nos. 3 & 30].  The Court **DISMISSES** this action *without prejudice*.

**IT IS SO ORDERED.**


Florence, South Carolina  
August 1, 2017

<u>s/ R. Bryan Harwell</u>  
R. Bryan Harwell  
United States District Judge